■ Joseph Axin, Sr., Appellant, v. Delibab Corporation, Inc., et al., Respondents. Hamburg-Bremen Steamship Agency, Inc., Third-Party Plaintiff, v. Anna Uveges et al., Third-Party Defendants. Maude Schmidt, Third-Party Plaintiff, v. Bacon Realty, Inc., Third-Party Defendant.— Order, entered July 1, 1965, reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to plaintiff-appellant, the motion by plaintiff to direct the enforcement of the stipulation entered into between the plaintiff and defendant Delibab Corporation and Maude Schmidt, granted, to the extent of directing the entry of judgment in favor of plaintiff against Delibab Corporation, Inc., in the sum of $9,500, without costs but with interest from March 31, 1965, and judgment in favor of the plaintiff against the defendant Maude Schmidt in the sum of $7,500, without costs but with interest from March 31, 1965; and cross motion by defendant Delibab Corporation in all respects denied. " The court always has the power to enforce in a summary way, by motion, the observance of an undisputed and proper stipulation entered into by the parties to an action or proceeding, except where the action or proceeding has definitely terminated." (2 Carmody-Wait, New York Practice, 2d, Stipulations, § 7:16, p. 21; see, also, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2104.06.) " Where parties agree to settle an action but fail to make provision for relief in the event of default, the court nevertheless has the power to grant judgment by motion in the original action to enforce the terms thereof, provided, of course, the action has not been discontinued and the terms

are not in dispute." (*Eastern Display & Carton Corp.* v. *Presto Bev. Corp.*, 153 N. Y. S. 2d 806.) This action has not been discontinued and, thus, the stipulation may be enforced by motion in the action. The decisions of *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.* (247 N. Y. 435) and *American Progressive Health Ins. Co.* v. *Chartier* (6 A D 2d 579) are not apposite. The parties do not dispute the making of the stipulation nor the terms thereof providing for payment of specific sums to plaintiff by two defendants in settlement of plaintiff's action. These provisions are unconditional and are not rendered ambiguous or unenforcible by the leaving open of " certain issues with respect to the liabilities *inter se* of the various defendants" (which was the reason assigned by Special Term for vacating the settlement), that is, insofar as such issues may be undisposed of. As to the defendants and third parties, provision is made for continuance of third-party action of *Schmidt* v. *Bacon Realty, Inc.*, and for discontinuance of all other actions and cross complaints. Under the circumstances, the requirement of further proceedings for settlement of rights and liabilities of defendants and third parties *inter se* does not justify the remission of plaintiff to the remedy of a plenary action to obtain the judgment to which she is undisputedly entitled. Concur — Valente, Eager and Steuer, JJ.; Breitel, J. P., and McNally, J., dissent in the following memorandum by McNally, J.: I dissent and vote to affirm. The stipulation is sufficiently indefinite with respect to the cross liabilities of the several defendants to be unenforcible summarily. It cannot be said that the defendants who agreed to pay toward the settlement were not misled by the two conflicting terms of the stipulation referring to the claims over of other defendants. Settle order on notice.