■ · ROBERT W. GERHARDT, as Administrator of the Estate of JEANNE A. HART, Deceased, Respondent, v. MANOR OLDSMOBILE INC. et al., Appellants.— In an action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from a judgment of the Supreme Court, Nassau County, entered November 26, 1973, in favor of plaintiff, upon a jury verdict of $175,000 for the wrongful death cause and $7,102.12 for the conscious pain and suffering cause. Judgment reversed, on the law, and new trial granted with respect to the issue of damages only, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to a total of $107,102.12, consisting of $100,000 for decedent's death and $7,102.12 for conscious pain and suffering, to reduce the interest thereon accordingly and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion, the verdict was excessive to the extent indicated herein. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ Louis HALPERN et al., Doing Business as ORIENTA GARDENS. Appellants, v. RICHARD J. BARGANS, Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Defendant.— In three consolidated actions to recover a total of five months' rent under a lease and for damages, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered April 2, 1974 after a nonjury trial, in their favor in the amount of $338.10, representing rent for only the first month in question, plus an amount for incidental damages (cost of repainting and counsel fees) and less the amount of a security deposit, plus costs and disbursements. Judgment modified, on the law and the facts, by increasing the award of $338.10 to $2,041.94 and increasing the total recovery (including costs and disbursements) accordingly. As so modified, judgment affirmed, with costs to appellants against respondent. The trial court's conclusion that appellants' December, 1970 nonpayment dispossess proceeding terminated the tenant's obligation to pay rent is negated by the provision in the lease that the rent obligation shall survive summary proceedings. Such a provision is valid (Mann v. Munch Brewery, 225 N. Y. 189; Rasch, New York Landlord & Tenant [2d ed.], § 785 et seq.). The lease was an exhibit at the trial. Absent a request by the trial court, and no issue as to presence or absence of a survival clause in the lease having been raised, it was not incumbent upon plaintiffs' counsel to call this clause to the specific attention of the trial court. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.