■   TEITELBAUM HOLDINGS, LTD., Respondent, v DAVID C. GOLD, Appellant, et al., Defendant.—Judgment of the Supreme Court, New York County, entered January 27, 1978 in favor of plaintiff in the sum of $10,750 together with interest from July 19, 1977 granting plaintiff's motion to enforce stipulation entered into by the parties, reversed, on the law, with $60 costs and disbursements to appellant, and the judgment vacated and plaintiff's motion denied, without prejudice to plaintiff's commencement of a separate plenary action on the stipulation. In this action for damages allegedly resulting from defendant's misrepresentations to plaintiff as to fuel and labor costs and breach of contract relating thereto in the sale of real property, the parties through their attorneys in open court and on the record entered into a stipulation of settlement. Subsequently, a dispute occurred when plaintiff failed to receive a number of monthly installment payments as specified in the stipulation. Plaintiff thereupon moved for judgment in the original action, seeking $10,750 as the sum to which it was then entitled under an acceleration clause in the stipulation. Defendant justified failure to make the installment payments on the ground that under the terms of the stipulation he had a right to offset any unpaid installments due from him thereunder against payments on which plaintiff defaulted on a third mortgage held by a corporation in which defendant had an interest. Plaintiff countered that defendant was not entitled to such offset because, according to plaintiff, under the terms of the stipulation defendant was entitled to such offset only if plaintiff made payments due on the first and second mortgages on the subject premises but defaulted in payments on the third mortgage, whereas in fact plaintiff had defaulted in payments on all three mortgages. The stipulation resulted in a new agreement between the parties, dealing with matters beyond the issues in the action before the court (Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435, 444). The initial paragraph of the stipulation recited, "It is hereby stipulated, agreed and consented to that the within entitled action be and the same hereby is settled". The stipulation did not provide for entry of judgment by plaintiff in the event of defendant's default (cf. Yonkers Fur Dressing Co. v Royal Ins. Co., supra, p 445), nor did it reserve unto the court the power and authority to enforce the stipulation in a summary way on motion of plaintiff. In effect, the action was settled and terminated by the stipulation. The mere fact that the terms of the stipulation provided for a written stipulation of discontinuance to be executed upon full payment does not militate against this conclusion (see Covert v Covert, 50 AD2d 622; see, also, Owens v Lombardi, 41 AD2d 438). Furthermore, this does not appear to be a case in which plaintiff is entitled, summarily, to a judgment on the stipulation. The controversy emanating from the stipulation did not lend itself to such

disposition, as the parties disputed the meaning and intent of the provisions of the stipulation relating to plaintiff's obligation to pay the mortgage charges referred to therein or defendant's entitlement to offset all unpaid installments due from defendant against the third mortgage charges unpaid by plaintiff. In the circumstances presented, the trial court had no right to enter judgment as requested by plaintiff. The parties are relegated to a plenary action to resolve their dispute. *Axin v Delibab Corp.* (24 AD2d 974), cited by plaintiff in support of its position and relied upon by the trial court, is inapposite. There, unlike the case at bar, the action was not discontinued and the terms of the stipulation were not in dispute. Concur—Lupiano, J. P., Birns and Silverman, JJ.; Evans and Sandler, JJ., dissent in a memorandum by Sandler, J., as follows: I disagree with the central conclusion in the court's opinion that the settlement entered into by the parties in open court with the active participation of the Trial Judge terminated the underlying action. It is true that the settlement agreement opened with the following statement: "It is hereby stipulated, agreed and consented to that the within entitled action be and the same hereby is settled upon the following terms and conditions:" However, one of "the following terms and conditions", the final one, provided: "Upon full payment herein, an appropriate stipulation of discontinuance of the within entitled action, with prejudice but without costs, shall be executed between the respective attorneys herein." From this concluding paragraph I think the inference clear that the parties did not intend to terminate the underlying action until the final payment contemplated by the settlement was made. Accordingly there survived the traditional power of the court to supervise and enforce the observance of appropriate stipulations entered into by parties during the course of an action. This was the essential holding in *Axin v Delibab Corp.* (24 AD2d 974). The fact that the underlying action was not terminated distinguishes the instant case, as it did *Axin,* from the principle set forth in *Yonkers Fur Dressing Co. v Royal Ins. Co.* (247 NY 435). A quite separate question is whether the settlement was sufficiently free from ambiguity to permit the trial court to enforce it on motion. I believe that it was. Although the key sentence was awkwardly phrased, the court's interpretation gave effect to its literal and apparent meaning. Moreover, the plaintiff presented a detailed and convincing explanation of how the provision in question came to be included. No contrary explanation, persuasive or otherwise, was offered by the defendant. Considering the fact that the Trial Judge had actively participated in the formulation of the settlement, I see no reason to doubt the reliability of his conclusion. Even if I am in error with regard to the clarity of the provision in issue, the appropriate relief, I think, would be to remand to the Trial Judge for a hearing, not to require a new plenary action. We should not be quick to assume that parties entering into a judicially supervised settlement of an action intend a disagreement with regard to its terms to result in yet another lawsuit. The meaning of the court's opinion for litigants who do not wish the settlement of an action to signal the commencement of another is clear. If they do not intend to terminate the underlying action until all the conditions of the settlement have been fulfilled, they should make that intention unmistakably clear.