■ WILLIAM A. ERDOGAN et al., Respondents, v WILLIAM SIMONE, Appellant, and MARIE BARBER, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered December 8, 1977 in Sullivan County, which granted plaintiffs' motion to compel defendant Simone to execute an agreement pursuant to a stipulation of settlement. This action was originally initiated to resolve a dispute between plaintiffs and defendant concerning the location of a common boundary line between their adjoining proper-

ties. After the trial had begun, a compromise was reached, and a written stipulation settling the action was signed by all parties and their attorneys. Paragraphs 4 and 8 of the stipulation provide, as follows: "(4) a new boundary line shall be drawn from an agreed point on the Cohen and Cohen Road in the vicinity of the confluence of the driveways to an agreed point marked by a stake on the east line of Erdogan so as to insure ingress and egress to both Simone and Erdogan properties over existing driveways. Said boundary line to be surveyed and marked by a surveyor agreeable to all parties * * * (8) that findings of fact and conclusion of law, the final judgment, order or decree are waived by the respective parties hereto provided 'so ordered', is endorsed upon the original copy of this stipulation signed by Hon. Robert C. Williams, J. S. C. and the original stipulation filed in the Sullivan County Clerk's Office." The stipulation has never been indorsed as "so ordered" by Justice Williams, and has not been filed in the Sullivan County Clerk's office. Thereafter, in keeping with the written stipulation, the parties went to the real property in question, and all agreed upon the location of the boundary, and iron pins were driven into the ground marking the position of the boundary line. After the parties met and agreed on these points to form the boundary line between plaintiffs' premises and premises of defendant Simone, a surveyor prepared a map showing the boundary line, and a boundary line agreement was prepared and submitted to Simone's attorney who advised plaintiffs that Simone refused to sign the agreement. Plaintiffs then moved for an order to enforce the stipulation, which motion was granted by Justice Williams. Simone states in his brief that after the parties and their attorneys left the premises, the surveyors, in his presence, started to mark the line, and it then became obvious to him that the line went through an area he had selected for a septic system, and was, therefore, unsatisfactory, and that he could not and did not agree to the line as eventually drawn by the surveyor. Special Term held that: "there was a meeting of the minds as between and among the parties and that the stipulation was entered into with a complete understanding of its significance. I am further completely satisfied that when the parties went to the premises after the dictation of the stipulation that they in fact established a new 'boundary line'." Simone contends that the stipulation of settlement concluded the action on the merits, and that Special Term had no jurisdiction to determine the motion, and that plaintiffs could only seek relief through a plenary action. Simone also maintains that the stipulation was unenforceable since it constituted an agreement to agree. However, the stipulation itself constituted a meeting of the minds as to the boundary line in dispute. In addition, the stipulation was never signed by the trial court, and such court did not make a final determination of the factual and legal issues in dispute. Therefore, the action did not terminate upon the execution of the stipulation of settlement. Where the settlement stipulation contemplates the possibility of further judicial action prior to formal discontinuance, the court retains jurisdiction, and may grant relief by motion (*Allard v Allard*, 27 AD2d 776; *Axin v Delibab Corp.*, 24 AD2d 974; *Banno v Clearwater Beach Colony*, 8 AD2d 798; *Collins v Murphy*, 36 Misc 2d 153). "The sole question here is the authority of Special Term to enforce the stipulation summarily on motion. In our view it did have such authority. As long as an action is pending, the court retains continued control over all proceedings therein (*Barry v. Mutual Life Ins. Co. of N. Y.*, 53 N. Y. 536; *Thompson Medical Co. v. Benjamin Pharmaceuticals*, 4 A D 2d 504)" (*Allard v Allard, supra*, p 777). The stipulation here did not finally conclude the action. Paragraph 8 specifically conditions discontinu-

ance on the signing and filing of the stipulation by the court which was not done. Accordingly, Special Term was never divested of its control over the suit, and properly granted the relief on motion. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.