OPINION OF THE COURT
Chief Judge Cooke.
At issue here is an important procedural question concerning whether a stipulation settling a lawsuit may be enforced by way of motion or plenary action. Plaintiff moved for enforcement of the settlement agreement, and Special Term granted the requested relief. On appeal, a closely divided Appellate Division reversed, holding that a plenary action was necessary, inasmuch as the underlying suit had terminated (64 AD2d 568).
There should be a reversal. A settlement agreement entered into by parties to a lawsuit does not terminate the action unless there has been an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement. Absent such termination, the court retains its supervisory power over the action and may lend aid to a party who had moved for enforcement of the settlement.
Plaintiff, Teitelbaum Holdings, Ltd., commenced an action *54 for breach of contract and fraud arising from the purchase of an apartment building from defendants, David Gold and 73-74 Straw Corp. After impaneling a jury, the parties reached a settlement which was dictated into the record in open court. Under the express terms of that agreement, Gold was to pay to plaintiff five installments of $1,500 and two installments of $3,750 during the period from August 1, 1977 to March 1, 1979. Upon full payment, the parties were to execute a stipulation of discontinuance of the lawsuit. In the event of a default, however, plaintiff would be entitled to accelerate all unpaid installments, on 10 days’ notice to defendants.
A dispute arose between the parties as to the meaning of paragraph 5 of the settlement, which afforded Gold a limited right to set off unpaid installments against amounts due him as third mortgagee of the building.[1] Defendant, purporting to exercise this right, ceased making payments on the settlement. Notice of default was then served by Teitelbaum followed by a motion for judgment in accordance with the acceleration clause. Finding that Gold was not entitled to a setoff, Special Term granted plaintiff’s motion and awarded judgment for the remaining amount owed under the stipulation. The Appellate Division reversed, reasoning that since the settlement did not expressly empower a court to enforce it on motion, the action was "in effect” terminated. The court gave no weight to the "mere fact that the terms of the [settlement] provided for a written stipulation of discontinuance to be executed upon full payment” (64 AD2d, at p 568). In any event, the court found the stipulation too ambiguous for summary enforcement.
The power of a trial court to exercise supervisory control over all phases of pending actions and proceedings has long been recognized (e.g., Barry v Mutual Life Ins. Co., 53 NY 536, 539). Incident to this general authority, a court possesses discretionary power to relieve parties from the consequences of a stipulation effected during litigation (e.g., Matter of Frutiger, 29 NY2d 143, 149-150; Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435, 445; Barry v Mutual Life Ins. Co., *55 supra, at pp 539-540). Such relief usually may be sought, at the option of the parties, by motion interposed in the underlying action or by a plenary action grounded upon the stipulation (see, e.g., Mutual Life Ins. Co. v O’Donnell, 146 NY 275, 279-280; Potter v Rossiter, 109 App Div 737, 739-740; see, also, 2A Weinstein-Korn-Miller, NY Civ Prac, par 2104.06). Because of its relative simplicity and lesser burden upon the litigants and the court, the motion has proven to be the favored procedural mode (see, generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, § 3217:10, at pp 1012-1013).
As a limited exception to this practice, however, it was held in Yonkers Fur Dressing Co. v Royal Ins. Co. (247 NY 435, supra) that a plenary suit is required where the stipulation relates to an action which has previously terminated. Disposition of the present case turns upon the breadth to be accorded the Yonkers rule.
Preliminarily, we recognize that the Yonkers case has been criticized as a vestige of the past which is not in harmony with modern procedural tenets (see, e.g., Matter of Longwood Assoc. v Board of Assessors of County of Nassau, 58 AD2d 581, 582-583 [dissenting opn]; see, generally, Greenberg v New York City Planning Comm., 48 AD2d 830, 831 [dissenting opn]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, § 3217:10, at pp 1012-1013). Whatever its theoretical underpinnings, the Yonkers rule drew its justification from the practical notion that there must ultimately be an end to litigation (see 247 NY, at pp 445-446). Compelling as this rationale might have been at the time of that decision, it has been substantially eroded over the intervening decades. Numerous postjudgment remedies are available to litigants upon a properly interposed motion (see, e.g., CPLR 317, 5015). That the existence of these motions has produced no untoward consequences to our jurisprudential scheme is manifest. Nor is it possible to differentiate, in a meaningful respect, motions relating to enforcement of stipulations from other postjudgment relief. Given these factors, there is little basis for refusing to extend the motion procedure, with its ease, simplicity and minimal drain of judicial resources, to the Yonkers situation.[2]
*56 It would be inadvisable, therefore, to apply the Yonkers rule in situations where the parties have not unequivocally terminated their lawsuit. Rather, the presumption in the normal case should be that an action is not automatically terminated merely because an agreement to settle has been made.. This presumption may be overcome only upon a showing that the parties have executed an express, unconditional stipulation of discontinuance, or have entered judgment in accordance with the terms of the settlement. Such a rule will render the salutary features of motion practice more widely available to litigants, at the same time conserving our increasingly precious judicial resources.
In the present case, the parties have not yet executed a stipulation of discontinuance and have not entered judgment pursuant to the terms of the settlement. Indeed, the agreement expressly contemplated discontinuance of the action only after defendant had made payment in full. Enforcement of the settlement by motion was thus warranted.
Turning to the merits, it cannot be said that Special Term erred in its construction of paragraph 5 of the stipulation. Interpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument (see, e.g., West, Weir & Bartel v Carter Paint Co., 25 NY2d 535, 540). Here, the stipulation afforded defendants a right of setoff in only one instance, namely, where the first and second mortgages were being paid while the third was not. There simply is no basis for viewing this language as ambiguous or as covering situations not expressly mentioned. But even if there had been uncertainty as to the meaning of the settlement, the proper approach would have been to hold an evidentiary hearing and not to relegate the parties to a plenary action (see n 2, supra).
Accordingly, the order of the Appellate Division should be *57 reversed, with costs, the judgment of Special Term reinstated, and the question certified answered in the negative.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. Paragraph 5 of the stipulation states in pertinent part: "5. Provided plaintiff shall pay all the charges due the first and second mortgagee covering the subject property but shall default in paying the carrying charges of the third mortgagee, then in that event any and all unpaid installments due on the account of the within settlement shall be used as an offset against such default. Except as herein provided for no other offsets shall be valid.”

. One concern voiced by a number of authorities — and perhaps tacitly underlying the Yonkers decision — is that where the facts relating to the validity of the stipulation are voluminous, or not otherwise ripe for summary disposition, resort to motion *56 practice may be cumbersome (see, e.g., Hallock v State of New York, 58 AD2d 67, 71; Potter v Rossiter, 109 App Div 737, 740, supra). This problem may be obviated by the simple expedient of holding an evidentiary hearing in conjunction with the motion (CPLR 2218; Mutual Life Ins. Co. v O’Donnell, 146 NY 275, 280, supra; Matter of Longwood Assoc. v Board of Assessors of County of Nassau, 58 AD2d 581, 582-583 [dissenting opnj, supra). In this manner, many of the procedural advantages associated with an action may be obtained without the resultant burden upon the parties or drain of judicial resources. If issues are presented as to which there would be a constitutional right to jury trial, that, too, could be assured.