■ DOROTHY CARR, Respondent, v EDWARD CARRUTH, Appellant, et al., Defendant. — Appeals (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered October 9, 1980 in Chemung County, which ordered specific performance of the terms of a settlement stipulation, and (2) from an order of said court, entered January 14, 1981 in Chemung County, which denied defendant's motion to vacate the prior order. While an action pursuant to RPAPL article 15 was pending, the attorneys for the parties herein entered into a settlement stipulation which, so far as relevant to this appeal, provided: (1) that defendant Carruth would deliver a quitclaim deed to the property in question to his attorney to be held in escrow; (2) that plaintiff Carr would diligently attempt to complete the sale of a 477-acre tract of land which included the premises which were the subject of the article 15 action, and upon

closing plaintiff was to deliver a $14,000 check to her attorney made payable to defendant's attorney; and (3) that upon completion of (1) and (2), the parties' attorneys would simultaneously exchange deed and check and execute a stipulation of discontinuance. The settlement stipulation was dated July 2, 1979. In accordance with that stipulation, plaintiff proceeded with diligence to complete the sale. Two purchase offers were accepted, but because certain contingencies were not met by either the prospective buyers or the seller, those agreements were not consummated. On July 8, 1980 plaintiff obtained yet another offer. Like its predecessor, this one was also conditioned on plaintiff obtaining a release from Carruth of the latter's interest in the property. Initially, the release was to be secured within 60 days; however, by further agreement plaintiff was given until April 1, 1981 to obtain it. Whether an additional extension has been granted does not appear in the record. In any event, a sale being imminent, plaintiff, well within that 60-day period, moved for an order directing Carruth to comply with the stipulation by executing and delivering the quitclaim deed to his attorney or an escrow agent. Carruth, responding to the motion, only filed the affidavit of his newly retained attorney, who alleged that defendant's original lawyer was not authorized to enter into the stipulation. Special Term granted the motion and, subsequently, denied defendant's motion to vacate the order resulting from the grant of relief to plaintiff. Defendant has appealed from both orders. Initially, we note that an attorney's affidavit concerning matters about which he has no personal knowledge has little, if any, probative value (*Israelson v Rubin*, 20 AD2d 668, affd 14 NY2d 887), and thus the papers opposing the motion were deficient. More importantly, plaintiff obviously needs the relief she seeks and Carruth's refusal to perform, undoubtedly prompted by the higher price of this sale, bespeaks an intention on his part not to comply with a stipulation which, in our view, is both definite and unambiguous. That plaintiff has been prejudiced by Carruth's unwillingness to deliver the quitclaim deed is self-evident, for without it the sale cannot be carried out and she will be incapable of performing her part of the stipulation. Given these factors, we believe Special Term was correct. The holding of an evidentiary hearing, as suggested by the dissenters, will do nothing to clarify this dispute, for the record adequately demonstrates the facts. Orders affirmed, without costs. Main, Yesawich, Jr., and Herlihy, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). There should be a reversal of the October 9, 1980 order. While it is true that an attorney's affidavit concerning matters about which he has no personal knowledge has little, if any, probative value (*Israelson v Rubin*, 20 AD2d 668, affd 14 NY2d 887), such a deficiency in papers opposing a motion should not result in automatic relief where, as here, the moving party has failed to establish any conduct by her adversary inimical to her interests. A careful reading of the terms of the settlement agreement makes it evident that the terms of the contract are interdependent and it is impossible for the parties to execute a stipulation of discontinuance, which would finalize the RPAPL article 15 action, absent a sale of the premises and an exchange of the quitclaim deed for the consideration of $14,000. It appears from the record that a contract for the sale is imminent and there is nothing in the moving papers that charges defendant with an intention to avoid his obligation, pursuant to the settlement stipulation, if the sale is consummated and the required deposit is made with plaintiff's attorney. Where, as here, there is no clear statement in the motion papers that would mandate relief for the movant despite the deficiencies in the opposing documents, the better practice would be for the court to hold an

evidentiary hearing. Such a procedural device would preserve the advantages of motion practice and better inform Special Term as to the actual dispute between the parties (see *Teitelbaum Holdings v Gold,* 48 NY2d 51, 55-56, n 2). If such a procedure had been followed, it would have become evident that specific performance of the three-part settlement agreement would be totally inequitable since it would require defendant to execute a stipulation of discontinuance of the article 15 action without the benefit of a trial and without receiving any proceeds from a sale of the realty which is the subject of the article 15 action. In sum, judgment would effectively be rendered against defendant solely on the ground that plaintiff was experiencing difficulty selling the property. The more equitable relief would have been to grant partial specific performance of the settlement agreement requiring defendant to deposit the quitclaim deed in escrow. In fact, the implication of the majority's statement is that defendant is only required to deposit the deed and the other two steps will follow. This is not the substance of the appealed order. Since the order entered October 9, 1980 should be reversed, no consideration of the order which denied defendant's motion to vacate the original order is required and the appeal therefrom should be dismissed as academic.