(March 19, 1985)

■ CHIMART ASSOCIATES, Appellant, v DAVID L. PAUL, Respondent. — Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered May 15, 1984, denying plaintiff's motion for summary judgment and granting defendant's cross motion for leave to amend his answer to assert an additional affirmative defense of mutual mistake or fraud, reversed, on the law, the motion for summary judgment granted and the cross motion denied, with costs.

Plaintiff is a general partnership organized for the purpose of investing, as a limited partner, in 666 Associates, a Chicago real estate venture. In order to induce plaintiff to make the investment, plaintiff and defendant entered into a letter agreement which, so far as here pertinent, contained the following provisions:

"In order to induce you to purchase the Interest, and subject to your assignment to me of your right to receive certain cash distributions from the Partnership [666 Associates], as described below, I agree to pay you, on November 23, 1982, the amount, if any, by which (A) $1,320,000 exceeds (B) the sum of

the cash distributions to you from the Partnership on account of the Interest through November 20, 1982 (such amount being the 'Guarantee Payment'). If a Guarantee Payment is not paid on or before November 23, 1982, I also agree to pay interest on such Guarantee Payment from November 23, 1980 to the date such payment is actually made, at a rate per annum equal to the prime rate charged from time to time by Chemical Bank for 90-day unsecured loans to commercial borrowers of the highest credit rating plus one percent * * *

"I hereby waive any demand for payment under this guarantee. This is an agreement to pay, on the terms set forth herein, and not a guarantee of collection."

666 Associates made no cash distribution to plaintiff as of November 20, 1982. Somewhat more than six months after November 23, 1982, the date fixed for payment by defendant, plaintiff brought this action. After the joinder of issue, plaintiff moved for summary judgment. Defendant, contending that the negotiations leading to the agreement never intended that an immediate payment of the $1,320,000 by him would be required and all that was intended was that he would be required to pay the interest specified until such time as distributions were made, cross-moved to amend his answer to assert an additional affirmative defense alleging mutual mistake or fraud. Special Term denied the motion for summary judgment and granted the cross motion to amend the answer. We reverse.

The agreement is so clearly worded that he who runs may read. It obligates defendant to make the payment indicated if 666 Associates does not make it and requires that in the event of a shortfall the difference would be made up by defendant. Where the agreement is as clear and unambiguous as the one before us, its interpretation is for the court and matters extrinsic to the contract may not be considered (*Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). On this record it is plain that defendant agreed to make the payment. He failed to do so. Accordingly, plaintiff is entitled to judgment. Settle order. Concur — Murphy, P. J., Kupferman, Asch and Bloom, JJ.