OPINION OF THE COURT
Harold Tompkins, J.
The issue raised on this motion is what remedy is available to a plaintiff’s attorney to enforce an agreed monetary settlement merely noted on the court record by the Judge. No formal stipulation of settlement was reduced to writing providing for the entry of judgment in the event the settlement is not paid within a fixed period of time. However the agreement was made in open court and is binding. (CPLR 2104.)
Counsel for the plaintiff, who is 84 years old, and counsel for the defendant, a well-known restaurant in New York, settled this negligence action for $5,000, a figure agreed to by the attorneys for both sides during a pretrial conference on November 14,1984 in Trial Term, Part I, a conference and assignment part of this court. The corporate defendant became the responsible party to pay the settlement rather than its insurance company because the carrier was in liquidation, a fact known by the attorney for plaintiff at the time of the settlement. Plaintiff’s counsel inadvisedly did not exercise his option to formalize the settlement on a court transcript. Instead, immediately following the settlement and prior to making the present motion, plaintiff’s counsel promptly sent to the attorney for the defendant the appropriate general release and stipulation of discontinuance. Upon the failure of defendant’s counsel to send the $5,000 check *37 or return telephone calls, plaintiff’s attorney moves for an order granting a default judgment in the full ad damnum amount of $150,000 rather than the $5,000 settlement agreed to in court.
Defendant by its attorney opposes the motion on several grounds. Defendant asserts that the only relief plaintiff can seek from this court is to apply to the clerk to enter judgment on the stipulation for $5,000 pursuant to CPLR 3215 (h). Defendant also contends that the clerk may not enter judgment since the papers are defective and a complaint is not annexed as required by the foregoing section. Furthermore, counsel for the defendant boldly argues that the motion will be moot since payment will be made, but no mention of when.
CPLR 3215 (h) provides: “1. Where, after commencement of an action, a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a [specific] amount with interest, if any, from a date certain, the clerk shall enter judgment” (emphasis added).
CPLR 3215 (h) was passed by the New York State Legislature to eliminate the necessity of a motion to enforce a stipulation (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:21, pp 877-879).
Since counsel for the parties did not reduce their stipulation to writing or afford themselves the opportunity to place the stipulation on a court transcript, the plaintiff may not benefit from the simplistic procedure for judgment by application to the clerk pursuant to CPLR 3215 (h). Plaintiff’s theory that the court can grant a motion for judgment for the entire ad damnum clause rather than the settlement amount is not supported by any authority. In addition, no request by the plaintiff to return the action to the Trial Calendar has been made or can be inferred in the papers.
The defendant’s counsel does not dispute the settlement amount or claim that his client has not consented to it. Inasmuch as this action has not been terminated, the court retains its supervisory power over the action and may lend aid to a party who had moved for enforcement of the settlement (Teitelbaum Holdings v Gold, 48 NY2d 51). Consequently, although the plaintiff cannot meet the technical requirements of CPLR 3215 (h), plaintiff’s motion is granted to the extent that the clerk is directed to enter judgment in the sum of $5,000 against defendant based upon the agreed settlement of $5,000 together with interest from November 14, 1984 as well as the appropriate *38 statutory costs. (Axin v Delibab Corp., 24 AD2d 974 [1st Dept 1965]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:21, p 877.)