■ BARBARA REA, Respondent, v HAROLD HALPERN, as Executor of JOHN T. SHAFFNER, Deceased, et al., Appellants.—Casey, J.

The parties to this action entered into a stipulation of settlement in open court, whereby plaintiff agreed to accept and defendants agreed to pay $2,500. Counsel for defendant John T. Shaffner, deceased, stated that the amount of the claims of creditors of Shaffner's estate exceeded the assets of the estate, and plaintiff's counsel stated that this insolvency was a major reason for plaintiff's decision to accept the settlement offer. As a result of these representations, the trial court stated that it would "maintain jurisdiction of this aspect of the case" and that if the estate were found to be solvent, the court would entertain a motion by plaintiff's counsel to set aside the settlement. The court further stated that such a motion would be granted, return of the money ordered, and the case restored to the Trial Calendar if it found that material misrepresentations were made to plaintiff. Plaintiff's counsel thereafter sent defense counsel a stipulation of discontinuance and release. The release stated that it was being given pursuant to the stipulation and subject to the terms and conditions contained in the stipulation. Defense counsel refused to accept the release as written. By letter, with notice to defense counsel, plaintiff informed the court of defendants' refusal, and the court ordered the case restored to the calendar.

Since the action has not been terminated, the trial court retains its supervisory power over the action and may lend aid to a party who seeks enforcement of the settlement (see, Teitelbaum Holdings v Gold, 48 NY2d 51). In our view, the stipulation of discontinuance and release offered by plaintiff were in accordance with the stipulation settling the action

and, therefore, defendants' refusal to accept them was not justified. In the circumstances, however, the order restoring the case to the calendar should be modified to provide that such restoral shall occur unless defendants comply with the stipulation of settlement by accepting the stipulation of discontinuance and release offered by plaintiff and by paying plaintiff the amount agreed upon in the settlement. The order denying defendants' motion for leave to serve an amended answer should be affirmed.

Order entered September 11, 1985 modified, on the law and the facts, with costs to plaintiff, by adding the following language to the decretal paragraph: "unless, within 10 days of entry of the order herein, defendants comply with the stipulation of settlement by accepting the stipulation of discontinuance and release offered by plaintiff and by paying plaintiff the amount agreed upon in the settlement", and, as so modified, affirmed.

Ordered entered March 12, 1986 affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.