■ DAVID M. GELMAN, Appellant, v HERBERT KLIEGERMAN et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiff is entitled to retain an interest in a certain limited partnership, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered May 26, 1989, which, *inter alia,* granted the defendants' motion for summary judgment, denied the plaintiff's cross motion for summary judgment, dismissed the complaint, and declared, *inter alia,* that the plaintiff was not entitled to retain the partnership interest in question.

Ordered that the order and judgment is affirmed, with costs.

We concur with the Supreme Court's finding that paragraph 10.4 of the governing partnership agreement unambiguously provides that, in the event that a partner should die, the partnership "shall purchase his interest" in exchange for a purchase price to be calculated according to a stated formula. Since the written agreement is, in relevant part, free of any ambiguity *(see generally, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573; *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56), and since the plaintiff, who is the executor of a deceased

partner, failed to offer evidentiary proof so as to create an issue of fact as to whether the agreement should be reformed, summary judgment was properly granted to the defendants. Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.