■ JAMES R. ALLEN, SR., et al., Respondents, v JAMES S. PARKINSON, Doing Business as RAINBOW RUBBISH REMOVAL SERVICE, et al., Defendants. JAMES S. PARKINSON, Doing Business as RAINBOW RUBBISH REMOVAL SERVICE, Third-Party Plaintiff, v COUNTY OF CAYUGA, Third-Party Defendant, and VILLAGE OF MORAVIA, Third-Party Defendant-Appellant.—Order unanimously reversed on the law without costs and motion denied. Memorandum: While an employee of the County of Cayuga and a special employee of the Village of Moravia (Village), plaintiff James R. Allen, Sr., suffered the traumatic amputation of his left foot. Plaintiff instituted separate actions, which were ultimately consolidated, and also pursued a claim for workers' compensation. The Workers' Compensation Board determined that plaintiff had suffered a schedule loss of 85% of the use of his left leg. On the date scheduled for trial, the parties entered into a stipulated settlement in open court. Thereafter, plaintiff sought to recover workers' compensation

benefits for the permanent injury to his left leg. The Workers' Compensation Board declined to make such an award in the absence of a nunc pro tunc order from Supreme Court declaring that, as a part of the settlement, the Village and its workers' compensation carrier, the State Insurance Fund (Fund), had waived any claim against that award. Upon plaintiff's application, Supreme Court granted a nunc pro tunc order so holding.

The controlling reference to the Fund's workers' compensation "holiday" in the settlement stipulation was the statement by the Village's attorney that the Fund reserved its right to take a credit pursuant to Workers' Compensation Law § 29 (3) and (4) for all sums received by plaintiff in the settlement. No objection to this reservation was raised by plaintiff's counsel. The only other right reserved in the settlement concerned a lien of the Cayuga County Department of Social Services against any workers' compensation wage benefits awarded to plaintiff for the same three-year period that he had received social services payments. The unambiguous expression on behalf of the Fund reserving its right to offset future compensation payments sufficiently set forth the understanding of the parties with respect to any future award for plaintiff's permanent injury. If those were not the terms to which plaintiff understood he was agreeing, then his remedy is a plenary action or a motion to set aside the settlement on the ground of mistake (see, Teitelbaum Holdings v Gold, 48 NY2d 51, 54-55).

We reject the Village's contention that plaintiff's motion was improperly before Supreme Court. Notwithstanding the stipulated settlement, the parties did not execute a stipulation of discontinuance or enter a judgment or order upon the stipulation. The action not having been terminated, the court retained its supervisory power to entertain plaintiff's motion (see, Teitelbaum Holdings v Gold, supra, at 53, 56). (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J. —Clarify Settlement Order.) Present—Boomer, J. P., Pine, Lawton, Boehm and Fallon, JJ.