*360 OPINION OF THE COURT
Louis B. York, J.
This motion presents a novel question in this summary proceeding: Whether after a judgment of possession has been entered and the execution of the warrant has resulted in an eviction, the landlord, relying on a stipulation ostensibly settling the case prior to the eviction, can obtain a second judgment for rent owed beyond that in the judgment as agreed to in the stipulation. As explained infra, I hold that the extant judgment has nullified the relationship of landlord and tenant and ousted the court of jurisdiction to award such relief, which the parties cannot restore to it by stipulation.
Petitioner obtained a default judgment which was stayed by order to show cause. The proceeding was settled by stipulation with both sides represented by counsel. By the stipulation, the parties consented to the default judgment and stayed the execution of the warrant previously issued and on condition that respondent pay an agreed balance of $80,000, which represented the rent owed through October 31, 1991 together with any and all additional rents due in accordance with a schedule established in the stipulation. All payments were to be applied first to current rents and then to arrears.
The parties further agreed that if respondent failed to make the scheduled payments the warrant could be executed by a 72-hour notice by a City Marshal, and that if respondent failed to make the above payments the court retained jurisdiction to enter a separate money judgment for all rents then due plus legal fees.
Respondents were evicted, presumably because they failed to make the payments as scheduled. Petitioner seeks a money judgment for rent through the date of eviction in June of 1992. Respondents contend that the proceeding ended with their eviction, and that the court therefore is without jurisdiction to add an additional money judgment. Respondents also point out that there is a proceeding in Supreme Court between the same parties which includes the issues in this motion.
The issuance of a warrant of eviction annuls the landlord-tenant relationship and terminates a summary proceeding. (RPAPL 749; 300 W. Realty Co. v Wood, 69 Misc 2d 580 [Civ Ct, NY County 1971], affd 69 Misc 2d 582 [App Term, 1st Dept 1972].) Thereafter, the court is ousted of jurisdiction. Jurisdiction can only be revived in very limited circumstances — i.e., *361 where the judgment was obtained by illegality or fraud or the court lacks subject matter or personal jurisdiction — by vacating the judgment and warrant. (CPLR 5015; 300 W. Realty Co. v Wood, supra; Matter of Albany v White, 46 Misc 2d 915 [Civ Ct, NY County 1965].)
In the instant matter, the petitioners never sought to vacate the executed judgment and warrant. Rather, they now seek a second judgment for money pursuant to their stipulation. This issue does not appear to have been addressed in the reported cases. I hold that under these circumstances, the court has no jurisdiction to issue such a second judgment in a summary proceeding. They cannot revive this proceeding by invoking the portion of their stipulation which purports to confer on the court the power to enter a second judgment for the money owed up to the eviction. (Halpern v Bargans, 46 AD2d 657 [2d Dept 1974]; 300 W. Realty Co. v Wood, supra.) Lack of such jurisdiction "is generally not curable by waiver, consent, estoppel, loches, or anything else.” (Siegel, NY Prac § 8, at 10 [2d ed].)
Of course, the agreement between the parties is enforceable in a plenary action (which appears to be what they have done by asserting a counterclaim based on breach of contract in the Supreme Court action brought by respondent Victor C.T. Yuan).
This decision advances the goal of summary proceedings, the primary object of which is to obtain possession of premises where the tenant is no longer paying the rent. That object was achieved here. Petitioners now have an action for money. They ought not to be able to encumber the court parts devoted to litigating summary proceedings by seeking relief not intended by RPAPL 749.
The motion is denied.