◼ GEORGE ZALITIS, Appellant, v CIRCUS WORLD TOY STORES, INC., et al., Respondents. [603 NYS2d 897] —In an action, *inter alia,* to recover damages for breach of an employment contract, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered July 31, 1991, as denied his motion for partial summary judgment on his cause of action to recover damages for breach of an employment contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for partial summary judgment on the plaintiff's cause of action to recover damages for breach of an employment contract is granted, that cause of action is severed, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in the plaintiff's favor in the principal sum of $47,500.

The plaintiff was hired by the defendants as Vice President of Finance at a salary of $95,000 per year. The employment agreement contained a provision guaranteeing the plaintiff a "six month salary continuation for termination other than cause". The defendants concede that the plaintiff's employment was terminated and do not claim that the termination was for cause. The "[i]nterpretation of an unambiguous con-

tract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Chimart Assocs. v Paul,* 66 NY2d 570, 572-573). The defendants' contention that an unwritten general company policy restricted salary continuation to former employees who were unemployed for the six months immediately following the termination of their employment can only be proved by extrinsic evidence. Since extrinsic evidence is inadmissible to create an ambiguity in a written document which is complete and unambiguous upon its face *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 163), partial summary judgment is appropriate. Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.