■ ARAB AMERICAN FOUNDATION, INC., Appellant, v BASSAM NABER et al., Respondents. [688 NYS2d 653] —In an action, *inter alia,* to permanently enjoin the defendants· from using the name "Arab American Foundation, Inc.", the plaintiff appeals from stated portions of an order of the Supreme Court, Westchester County (Fredman, J.), entered March 31, 1998, which, *inter alia,* denied as untimely those branches of its motion which were to reargue a prior motion for injunctive relief and for a declaration that it has the sole right to use the name "Arab American Foundation, Inc.", and granted the cross application of the defendants to dismiss the complaint on the ground that the action had been discontinued.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was to reargue the prior motion for injunctive relief is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is modified by deleting the provision thereof granting the cross application of the defendants to dismiss the complaint and substituting therefor a provision denying the cross application; as so modified, the order is affirmed insofar as appealed from and reviewed, without costs or disbursements, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, to issue an order of reference for a new election of the board of directors of the Arab American Foundation, Inc.

While the plaintiff's motion was denominated as one for renewal and reargument, it was actually a motion to reargue a prior motion for preliminary injunctive relief. No appeal lies from an order denying reargument.

The stipulation of discontinuance proffered by the defendants in opposition to the plaintiff's motion did not unequivocally terminate the lawsuit (*see, Teitelbaum Holdings v Gold,* 48 NY2d 51) since it was only signed by one defendant, purporting to act on behalf of the plaintiff, Arab American Foundation, Inc. (hereinafter the Foundation). Therefore, the Supreme

Court erred in dismissing the complaint upon finding that the action had been discontinued.

Upon a prior remittitur by this Court (*see, Arab Am. Found. v Naber,* 236 AD2d 348), an earlier election of the Foundation's board of directors was set aside, but there has been no determination of the parties' respective claims of the exclusive right to conduct Foundation business under the corporate name. Consequently, the matter is remitted to the Supreme Court, Westchester County, to appoint a Referee to conduct a new election of a board of directors. S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.