■ OLD REPUBLIC TITLE INSURANCE COMPANY, Respondent, v SANTANGELO & COHEN et al., Appellants. [750 NYS2d 16] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered August 7, 2001, awarding plaintiff the principal amount of $48,107.18, and bringing up for review an order, same court and Justice, entered August 6, 2001, which, in an action by plaintiff title insurer to recover money it spent to satisfy a mortgage on property purchased by its insureds, insofar as appealed from, granted plaintiff's motion for summary judgment on its claim against defendants for breach of contract, unanimously affirmed, with costs.

Defendants were members of a now defunct law firm that represented the sellers in a real estate transaction. It appears that plaintiff agreed to insure title subject to the condition that a mortgage in the amount of $104,000 be satisfied, but that no payoff letter from the mortgagee had been obtained by the time of the closing. The action is based on a written agreement signed by one of the defendants at the closing "undertak[ing] to provide to [plaintiff's agent] within thirty days a payoff receipt for the mortgage referred to [in the title policy]," and to "hold the sum of $110,000 in escrow to pay off said mortgage & upon paying said amount due provide proof of said payment to [plaintiff's agent], and have a satisfaction of mortgage in recordable form forwarded to [plaintiff's agent]." It further appears that defendants did not satisfy the mortgage within 30 days; that plaintiff subsequently obtained from the mortgagee a payoff figure of $158,107.18, which amount it demanded from defendants after the mortgagee commenced a foreclosure action against its insureds; and that defendants paid plaintiff $110,000, claiming that such payment satisfied their obligation under the subject writing. The motion court correctly held defendants liable for the full amount required to satisfy the mortgage. Although the subject writing called for defendants to put only $110,000 into escrow, their obligation to satisfy the mortgage was not limited to that amount and was not to be absolved in the event they were unable to learn of the payoff figure within 30 days. This meaning is unambiguously conveyed by defendants' promise to provide plaintiff with a "payoff receipt" and "satisfaction of mortgage in recordable form." It does not avail defendants to assert that the mortgagee did not respond to their requests for a payoff figure (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 56; *Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902). We have considered defendants' other arguments and find them unavailing. Concur—Buckley, J.P., Sullivan, Rubin, Friedman and Gonzalez, JJ.