■ REPUBLIC LEASING COMPANY, INC., Respondent, v 112 SEVENTH AVENUE, INC., Doing Business as MERCHANTS OF NY, et al., Appellants. [802 NYS2d 117]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered on or about April 21, 2004, awarding plaintiff the principal sum of $44,833.62, and bringing up for review an order, same court and Justice, entered on or about July 11, 2003, which, inter alia, granted plaintiff's motion to enter judgment pursuant to a stipulation of settlement, and order, same court and Justice, entered April 29, 2004, which, inter alia, denied defendants' motion to enjoin the entry of judgment and to declare the prior motion abandoned, unanimously affirmed, with costs. Appeals from the aforesaid orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Contrary to defendants' contention, plaintiff was not required to commence a plenary action to enforce the settlement. Although the stipulation recited that defendant "consented to" a judgment and that judgment "is hereby entered," it did not "unequivocally" terminate the action in the absence of a discontinuance or a judgment that was actually entered (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]), and clearly contemplated that the matter might be reopened by providing a mechanism for seeking the entry of a judgment upon default under the stipulated payment schedule. The court properly exercised its discretion in accepting the belated proposed judgment since the asserted misdirection in the clerk's office constituted "good cause" for the delay, if any. We note that it is unclear whether the settlement of judgment initially filed on September 10, 2003, upon the order dated July 11, 2003, was in fact late; 22 NYCRR 202.48 (a) requires settlement within 60 days of the decision "and filing," and here the filing date is not apparent from the record. Concur—Mazzarelli, J.P., Andrias, Ellerin, Gonzalez and McGuire, JJ.