■ ROY DEN HOLLANDER, Appellant, v WILLIAM R. FASANO et al., Respondents. [825 NYS2d 474]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered May 1, 2006, which, in an action by a tenant against another tenant to abate a noise nuisance, denied plaintiff's motions seeking, inter alia, to hold defendant in contempt of a court-ordered stipulation of settlement and to compel disclosure, unanimously affirmed, with costs.

Court orders issued contemporaneously with the subject stipulation permitted withdrawal of pending motions and stated that the action was discontinued. The stipulation, which was entered into two years before the instant motions to enforce it, makes no provision for court enforcement, but does provide that the parties are "to cooperate with each other's quiet enjoyment of their apartments," and that "[i]f plaintiff has any complaint, he will notify his attorney on a per incident occurrence who will notify defendant's attorney, and pl. also has the right to notify security or any other management, police or

other person involved in the building at any time." While the stipulation provides that defendant "not make noises," it further provides that defendant was not acknowledging that he makes noise, and that plaintiff would not make "unnecessary or unfounded complaints." As the motion court found, the stipulation does not express an unequivocal judicial mandate enforceable by contempt (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]), and read together with the contemporaneous court orders, shows an intent to terminate the action. Under the circumstances, any judicial enforcement of the stipulation should be by plenary action (cf. Teitelbaum Holdings v Gold, 48 NY2d 51, 56 [1979]). We have considered plaintiff's other arguments and find them without merit. Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.