OPINION OF THE COURT
Rosalyn Richter, J.
*972 On January 28, 2008 the parties and their counsel appeared before the court and, after an extended period of negotiation, they placed upon the record a stipulation of settlement of this matrimonial action. The settlement provided for, inter alia, the equitable distribution of certain property, maintenance to be paid by the husband to the wife and an agreement that the wife could remain in the marital residence for four months. The parties agreed to enter into and sign a separation agreement that encompassed these terms and which would eventually serve as the basis for a conversion divorce after the requisite one-year period had elapsed. The parties also agreed that, upon signing the separation agreement, the husband would withdraw his current action for divorce, which alleged cruel and inhuman treatment, that the wife would withdraw her answer and any objections to the granting of a divorce and that the matter would be marked disposed. Both sides specifically agreed to cooperate with each other and sign all the paperwork necessary to convert the separation agreement into a divorce.
After placing the settlement agreement upon the record, the court proceeded to allocute the parties. Both sides stated that they agreed to the terms of the settlement, that they understood that it was a final resolution of the case and that if one party failed to sign the necessary paperwork, the other party could still move to enforce the agreement. Subsequently, the husband drafted and presented to the wife a separation agreement that purportedly contained the agreed-upon terms. The wife, however, refused to sign it.
In motion sequence No. 4, the husband asks the court to “so-order” the settlement agreement reached by the parties on the record and to compel the wife to comply with its terms. It is well-established that stipulations of settlement placed upon the record to settle a matrimonial action are not lightly cast aside and are enforceable absent a showing of fraud, duress or mistake. (See e.g. Balkin v Balkin, 43 AD3d 967 [2d Dept 2007]; Weissman v Weissman, 42 AD3d 448 [2d Dept 2007]; Storette v Storette, 11 AD3d 365 [1st Dept 2004].) For public policy reasons, such stipulations are favored by the courts, “especially those entered in open court, and including those in matrimonial actions, where strict enforcement not only accomplishes efficient dispute resolution but also effectuates judicial economy.” (Rubenfeld v Rubenfeld, 279 AD2d 153, 156 [1st Dept 2001].)
Here, there are no allegations of fraud, duress or other considerations that would invalidate the settlement reached by the parties and, in fact, the wife agrees that the statements *973 made on the record are binding. Therefore, the court will “so-order” the transcript and the wife is directed to comply with its terms, including executing the confession of judgment, dividing the marital property as per the terms of the settlement and vacating the marital home by May 31, 2008.* (See Pretterhofer v Pretterhofer, 37 AD3d 446 [2d Dept 2007] [affirming lower court’s decision directing that open court stipulation of settlement be submitted to be “so-ordered” by the court].)
The husband also seeks an order directing the wife to execute the written separation agreement previously tendered to her. The court denies this request because the written agreement, which is 29 pages in length, contains numerous additional terms that were not part of the open court stipulation. Thus, the court cannot compel the wife to sign an agreement that varies from the settlement placed on the record in court, and the husband conceded as much at oral argument on this motion.
The court can, however, direct the wife to sign a separation agreement that tracks the agreement reached by the parties in open court. In light of the fact that the wife expressly agreed to enter into and sign a separation agreement that encompassed the settlement reached, the signing of such agreement is a ministerial act and a mere formality. (See Rubenfeld v Rubenfeld, 279 AD2d at 153 [affirming trial court’s order, in accord with an open court stipulation of settlement, compelling the wife to execute documents necessary to effectuate the separation of the marital property]; see also Vider v Vider, 46 AD3d 673 [2d Dept 2007] [lower court properly directed the plaintiff to execute certain deeds based on oral stipulation of settlement placed on the record]; Erdogan v Simone, 69 AD2d 931 [3d Dept 1979] [affirming trial court’s granting of the plaintiff’s motion to compel the defendant to execute an agreement pursuant to a stipulation of settlement].) Thus, the husband is directed to provide the wife with a written separation agreement that encompasses only the terms of the open court stipulation, and no other terms, and the wife is ordered to sign such agreement.
Finally, the parties are in disagreement as to the calculation of the amount due to the wife as her share of the husband’s bonus. The open court stipulation provided that the wife would receive 25% of the “after-tax amount” of the bonus, which the *974 husband had not yet received at the time of the settlement. The parties agreed that the husband would provide the wife with a copy of his bonus statement to verify the amount of the bonus. After the settlement was reached, the husband gave the wife a copy of his bonus statement. The wife contends that she is entitled to 25% of the after-tax amount shown on the bonus statement. The husband counters that the amount of the tax withheld on his bonus statement is not an accurate reflection of his tax liabilities, and that he is only obligated to give her 25% of the bonus amount reduced by his actual tax liability.
The court agrees with the husband’s interpretation. When the settlement agreement was placed on the record, the court expressly stated that the exact amount of the wife’s share “will have to await the review of the bonus statement and the determination of the tax rate” (emphasis added). The court also stated that the wife would get 25% of the bonus amount “minus federal, state and city tax liabilities” (emphasis added). Thus, it is clear that the wife’s share is 25% of the bonus reduced not by the amount of taxes withheld, but by the actual tax liability of the husband.
In motion sequence No. 5, the wife seeks resumption of the pendente lite maintenance award and an award of counsel fees. In light of this court’s decision upholding the stipulation of settlement, the wife’s motion is moot. Maintenance shall be governed by the terms of the open court stipulation, and counsel fees were never requested, or agreed upon, in the stipulation of settlement.

 The husband’s request for an order directing the wife to sign any documents required for a qualified domestic relations order (QDRO) is denied. The husband has failed to explain why a QDRO would be necessary to effectuate the settlement reached by the parties.