1250, LLC, Appellant,
against
Jean Augustin and Mary Denise Altemor, Respondents, and "John Doe" and "Jane Doe," Occupants.



Appeal from an order of the Civil Court of the City of New York, Kings County (Thomas M. Fitzpatrick, J.), entered October 6, 2014. The order, insofar as appealed from, upon, in effect, reargument, adhered to a prior determination in an order of the same court dated July 2, 2014 denying landlord's post-eviction motion for the entry of a money judgment in a summary proceeding brought pursuant to RPAPL 713 (7).




ORDERED that the order entered October 6, 2014, insofar as appealed from, is affirmed, without costs.
In this licensee summary proceeding (see RPAPL 713 [7]), it was stipulated that landlord would have a possessory final judgment and warrant, and that execution of the warrant would be stayed to a specific date on condition that occupants Jean Augustin and Mary Denise Altemor make certain payments. The stipulation also provided for a conditional waiver of arrears, and stated that landlord reserved its claims and could move for appropriate relief in the event of a default by occupants in payment or surrender. A possessory final judgment was entered pursuant to the stipulation. After occupants had defaulted in making the required payments and the warrant had been executed, landlord moved for the entry of a money judgment for the unpaid use and occupancy, and the Civil Court denied the motion. Upon a second motion for the same relief, the Civil Court, in effect, granted reargument and adhered to its prior determination. The court reasoned that, having executed the warrant issued pursuant to the possessory final judgment, landlord could not thereafter seek, in effect, to vacate that final judgment and substitute therefor a new final judgment awarding landlord possession and arrears. Landlord appeals, arguing that the Civil Court retained jurisdiction to grant the relief sought.
We affirm, essentially for the reasons stated by the Civil Court. The summary proceeding having terminated, it could not be restored, upon motion by landlord, for the entry of a new judgment awarding landlord arrears, notwithstanding landlord's attempt in the stipulation to reserve its right to do so (see Henry v Almanacid, 13 Misc 3d 132[A], 2006 NY Slip Op 51878[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; Johnson v Hunte, 8 Misc 3d 133[A], 2005 NY Slip Op 51160[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; Colony [*2]Manor Assoc. v Triggs, NYLJ, June 15, 2001 [App Term, 2d Dept, 2d & 11th Jud Dists 2001]; Citibank, N.A. v Schorr, NYLJ, Apr. 29, 1997 [App Term, 2d Dept, 2d & 11th Jud Dists 1997]; Harris v Yuan, 157 Misc 2d 359 [Civ Ct, NY County 1993]; cf. Teitelbaum Holdings v Gold, 48 NY2d 51 [1979]).
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016