Cropper v Stewart (2021 NY Slip Op 00005)





Cropper v Stewart


2021 NY Slip Op 00005


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 114878/06 Appeal No. 12774 Case No. 2019-04048 

[*1]Cuman Cropper, Plaintiff-Appellant,
v
M.D. Stewart et al., Defendants, New York City Transit Authority, Defendant-Respondent.


Sullivan Papain Block McGrath Coffinas & Cannavo PC, New York (Brian J. Shoot of counsel), for appellant.
Lawrence Heisler, Brooklyn (Anna J. Ervolina of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered July 10, 2019, which denied plaintiff's motion for an order directing defendant New York City Transit Authority (Transit Authority) to pay and/or indemnify him pursuant to Public Authorities Law § 1212 for the judgment and accrued interest entered against its employee defendant M.D. Stewart, unanimously affirmed, without costs.
Plaintiff Cuman Cropper was severely injured when the door of a taxicab that was owned by defendant Paper Cab Corporation (Paper) and operated by defendant Said N. Faoui, opened and struck his bicycle, throwing him into the path of a bus owned by defendant Transit Authority and operated by defendant M.D. Stewart.[FN1]
Plaintiff commenced action against Paper, Fauoi, Transit Authority, and Stewart.[FN2] Following Stewart's failure to cooperate with discovery, plaintiff moved to strike his answer. The court granted plaintiff's motion, striking Stewart's answer, following Stewart's continued failure to appear for a deposition.
At trial, the jury found Transit Authority, Paper, and Faoui solely responsible for the accident. Judgment was entered against Transit Authority, Stewart, Paper, and Faoui.
The Transit Authority appealed, and on May 1, 2014, this Court vacated the judgment and dismissed the complaint against the Transit Authority, finding that there was an insufficient length of time between when plaintiff was thrown from his bicycle and the impact of the bus, to constitute actionable negligence (see Cropper v Stewart, 117 AD3d 417, 418 [1st Dept 2014], lv denied 24 NY3d 914 [2015]).
This Court's dismissal of the action against the Transit Authority divested the motion court of jurisdiction to consider plaintiff's motion for an order directing the Transit Authority to pay for and/or indemnify him for the judgment against Stewart and any accrued interest, pursuant to Public Authorities Law §1212. Stewart never asserted cross claims against the Transit Authority, and, in any event, his answer was stricken and a judgment was entered against Stewart and the remaining defendants in 2012. Thus, the action has been unequivocally terminated against all parties (see Teitelbaum Holdings v Gold, 48 NY2d 51, 56 [1979]; Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435, 445 [1928]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021



Footnotes

Footnote 1: Shortly after the accident, Stewart was fired by Transit Authority based on his failure to adhere to Transit Authority's internal rules and regulations.

Footnote 2: Plaintiff also sued Manhattan and Bronx Surface Transit Operating System and Metropolitan Transit Authority, but the action was dismissed as against them.