(March 31, 1988)

■ Donna Page et al., Respondents, v Cheung On Mansion, Inc., Appellant, et al., Defendant.—Order and judgment (one paper), Supreme Court, New York County (David Edwards, Jr., J.), entered July 24, 1987, unanimously modified, on the law and the facts, to vacate the finding of criminal contempt and to limit the fine imposed pursuant to Judiciary Law § 773 to a total sum of $250 and otherwise affirmed, without costs.

Plaintiffs are allegedly residential tenants of a loft building owned by the defendant Cheung On Mansion, Inc. (Cheung).

Among other things, plaintiffs allege that the defendants are harassing them by allowing factory work in the building. By an order dated June 16, 1986 and entered June 18, 1986, the Supreme Court preliminarily enjoined Cheung "from using or permitting to be used any portion of the premises known as 60 Lispenard Street, above the ground floor, for any commercial use or for any use which is incompatible with plaintiffs, residential tenancies".

In the order now being appealed, the motion court found that defendant Cheung had violated the June 18, 1986 order by permitting a factory operation above the ground floor. No appeal was ever taken from said 1986 order. The motion court found further that defendant Cheung had committed both criminal and civil contempt. The finding of criminal contempt was erroneous. The order to show cause signed by the motion court on December 2, 1986 sought a finding of contempt without specifying either criminal or civil contempt. The papers in support of the motion did not specify criminal contempt. Service of process was directed upon the corporate defendant by mail and upon the defendant's attorney personally. The absence of a specific statement that a finding of criminal contempt was sought and the lack of personal service upon the defendant are facts which preclude the finding of criminal contempt. Moreover, it is at least arguable that the necessary level of willfulness for a finding of criminal contempt has not been shown. As stated by the Court of Appeals in *Matter of McCormick v Axelrod* (59 NY2d 574, 583): "Although the line between the two types of contempt may be difficult to draw in a given case, and the same act may be punishable as both a civil and a criminal contempt, the element which serves to elevate a contempt from civil to criminal is the level of willfulness with which the conduct is carried out (compare Judiciary Law, § 753, subd A, par 3 [civil contempt], with *id.,* § 750, subd A, par 3 [criminal contempt]; see, e.g., *Sentry Armored Courier Corp. v New York City Off-Track Betting Corp.,* 75 AD2d 344)."

In addition, since no actual damages were shown because of defendant Cheung's conduct, only a fine not exceeding $250 could be imposed. (Judiciary Law § 773.) It was erroneous to conclude that said section permitted a daily fine of $250. *(See, Gabrelian v Gabrelian,* 108 AD2d 445, 447 [1985].)* Concur—Murphy, P. J., Sandler, Carro, Milonas and Smith, JJ.