In the Matter of the Estate of ANTHONY SERPICO, SR., Deceased. DEBRA SERPICO, Respondent; JON SERPICO, Appellant. [878 NYS2d 899]—

In a turnover proceeding pursuant to SCPA article 21 to recover real property, the appeal is from (1) a decision of the Surrogate's Court, Richmond County (Fusco, S.), dated December 27, 2007, and (2) an order of the same court (Gigante, S.) dated January 29, 2008, which granted the petitioner's motion to vacate a stipulation of discontinuance dated March 8, 2006, and to restore the matter to the trial calendar.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed, on the law and the facts, and the petitioner's motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the petitioner personally.

The relief requested by the petitioner is not available by way of a motion since the proceeding was terminated by the stipulation of discontinuance. The petitioner must commence a plenary proceeding to request such relief (see Teitelbaum Holdings

*v Gold,* 48 NY2d 51 [1979]; *Moshe v Town of Ramapo,* 54 AD3d 1030 [2008]). Accordingly, the petitioner's motion to vacate the stipulation and restore the matter to the trial calendar should have been denied.

In any event, we note, in the interest of judicial economy, that the petitioner is not entitled to the relief she sought. An oral stipulation entered into by the parties in "open court" is binding (CPLR 2104; *see Matter of Abeido v Abeido,* 54 AD3d 330 [2008]). "Stipulations of settlement are favored by the courts and not lightly cast aside . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d 224, 230 [1984] [citations omitted]; *see Matter of Siegel,* 29 AD3d 914 [2006]). The record fails to support the petitioner's contention that the stipulation of discontinuance was the product of fraud (*see Desmond v For-Med Med. Group, P.C.,* 42 AD3d 559 [2007]; *Matter of Irace,* 21 AD3d 557, 558 [2005]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.