■ GALASSO, LANGIONE & BOTTER, LLP, et al., Respondents, v THOMAS F. LIOTTI, Defendant/Third-Party Plaintiff-Appellant. FREDERICK K. BREWINGTON, Third-Party Defendant-Respondent. [4 NYS3d 550]—

In an action, inter alia, to recover damages for defamation, the defendant/third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 9, 2013, which denied his motion, in effect, to vacate a stipulation of settlement and two judgments imposing sanctions against him.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly denied that branch of the appellant's motion which was, in effect, to vacate a stipulation of settlement entered into between the parties. Since, by stipulation, the underlying action was discontinued with prejudice, no action existed in which to file a motion, in effect, to vacate the stipulation of settlement. Rather, one who wishes to set aside a settlement made in an action that has been discontinued must proceed by plenary action (*see D'Amico v Nuzzo*, 194 AD2d 761

[1993]; *cf. Teitelbaum Holdings v Gold*, 48 NY2d 51 [1979]). In any event, the appellant failed to demonstrate a basis for vacating the stipulation of settlement (*see Yan Ping Liang v Wei Xuan Gao*, 118 AD3d 696 [2014]).

The Supreme Court also properly denied that branch of the appellant's motion which was, in effect, to vacate two judgments imposing sanctions against him, made on the grounds of newly-discovered evidence or fraud. The appellant failed to present either newly-discovered evidence which, if introduced at trial, would have produced a different result (*see* CPLR 5015 [a] [2]), or any evidence of fraud on the part of the plaintiffs or the third-party defendant (*see* CPLR 5015 [a] [3]). Leventhal, J.P., Hall, Maltese and Barros, JJ., concur.