■ ESTATE OF JUDITH D. ABRAMS, Appellant, v SEAVIEW ASSOCIATION OF FIRE ISLAND NEW YORK, INC., Respondent. [56 NYS3d 527]—

Appeals from two orders of the Supreme Court, Suffolk County (Jeffrey A. Spinner, J.), both dated November 26, 2014, and from a money judgment of that court entered January 7, 2015. The first order denied the plaintiff's motion, in effect, to vacate a stipulation of discontinuance and to restore the action to the active calendar. The second order denied the plaintiff's motion to enforce the parties' stipulation of settlement and awarded the defendant costs and an attorney's fee. The money judgment is in favor of the defendant and against the plaintiff in the total sum of $4,062.50.

Ordered that the first order dated November 26, 2014, is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated November 26, 2014, is modified, on the law, by deleting the provisions thereof finding that the plaintiff's motion was frivolous and awarding the defendant costs and an attorney's fee; as so modified, the second order dated November 26, 2014, is affirmed, without costs or disbursements, and the money judgment entered January 7, 2015, is vacated; and it is further,

Ordered that the appeal from the money judgment is dismissed as academic in light of our determination on the appeal from the second order dated November 26, 2014.

In this action, inter alia, for declaratory relief concerning the parties' adjoining properties, the parties entered into a stipulation of settlement on February 1, 2014, which imposed certain obligations on the defendant, including that it relocate the plaintiff's fence. The parties then executed a stipulation of discontinuance with prejudice. Thereafter, the plaintiff moved to enforce the stipulation of settlement, alleging that the defendant had failed to comply with the obligations imposed therein.

In opposition to this motion, the defendant requested that the Supreme Court award it costs and an attorney's fee. The plaintiff also moved, in effect, to vacate the stipulation of discontinuance and to restore the action to the active calendar.

In an order dated November 26, 2014, the Supreme Court denied the plaintiff's motion, in effect, to vacate the stipulation of discontinuance and to restore the action to the active calendar. In a separate order, also dated November 26, 2014, the court denied, on the merits, the plaintiff's motion to enforce the stipulation of settlement, and awarded the defendant costs and an attorney's fee. On January 7, 2015, the Supreme Court entered a money judgment in favor of the defendant and against the plaintiff in the total sum of $4,062.50, representing the award of costs and an attorney's fee. The plaintiff appeals from the orders and the money judgment.

The Supreme Court properly denied the plaintiff's motion, in effect, to vacate the stipulation of discontinuance and to restore the action to the active calendar. The relief requested by the plaintiff was not available by way of a motion since the action was terminated by the stipulation of discontinuance with prejudice, and thus, the plaintiff could only obtain such relief by commencing a plenary action (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 55 [1979]; *Matter of Serpico*, 62 AD3d 887, 887-888 [2009]).

The plaintiff's motion to enforce the stipulation of settlement was also properly denied, although for a reason different from that relied upon by the Supreme Court. Since the action was terminated by the stipulation of discontinuance, the court should not have reached the merits of the plaintiff's motion to enforce the stipulation of settlement, but instead should have denied the motion on the ground that the court did not retain the power to exercise supervisory control over the action (*see Teitelbaum Holdings v Gold*, 48 NY2d at 56; *Rotter v Ripka*, 138 AD3d 567 [2016]; *Salvador v Town of Lake George Zoning Bd.*, 130 AD3d 1334 [2015]; *Galasso, Langione & Botter, LLP v Liotti*, 127 AD3d 688, 689 [2015]; *DiBella v Martz*, 58 AD3d 935, 937 [2009]; *Urso v Panish*, 94 AD2d 701 [1983]; *cf. Incorporated Vil. of Hewlett Harbor v Bouzalglo*, 131 AD3d 512, 513 [2015]).

Likewise, the Supreme Court should not have considered the defendant's request for costs and an attorney's fee, which was based upon its contention that the plaintiff's motion, on the merits, was frivolous.

The parties' remaining contentions either are without merit

or need not be addressed in light of our determination. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.

---

Motion by the defendant on appeals from two orders of the Supreme Court, Suffolk County, both dated November 26, 2014, and a money judgment of that court entered January 7, 2015, to strike stated portions of the appellant's reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated July 5, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is granted, and those portions of the appellant's reply brief which refer to matter dehors the record which are listed as items "a" through "f" in paragraph 4 of the affirmation in support of the motion by Jean K. Delisle dated May 12, 2016, are deemed stricken and have not been considered on the appeals.