Deutsche Bank Natl. Trust Co. v Goltz (2021 NY Slip Op 06671)





Deutsche Bank Natl. Trust Co. v Goltz


2021 NY Slip Op 06671


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-05888
2018-08849
 (Index Nos. 23415/08, 619902/16)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Robert G. Goltz, Jr., et. al., appellants, et al., defendants. (Action No. 1) (Appeal No. 1)
Robert Goltz, Jr., plaintiff, Sigrid Goltz, appellant,Deutsche Bank National Trust, etc., respondent.
(Action No. 2) (Appeal No. 2)


Esagoff Law Group, P.C., Great Neck, NY (Janet Nina Esagoff of counsel), for appellant Robert G. Goltz in Appeal No. 1.
John J. Vizzi, P.C., East Northport, NY, for appellant Sigrid Goltz.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In related actions to foreclose a mortgage (Action No. 1) and pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage (Action No. 2), which were joined for trial, (1) Robert G. Goltz, Jr., and Sigrid Goltz, defendants in Action No. 1, appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 8, 2018, and (2) Sigrid Goltz, a plaintiff in Action No. 2, appeals from an order of the same court dated June 25, 2018. The order dated March 8, 2018, insofar as appealed from, granted that branch of the motion of Deutsche Bank National Trust Company, the plaintiff in Action No. 1, which was pursuant to CPLR 5015(a) to vacate three stipulations. The order dated June 25, 2018, insofar as appealed from, upon searching the record, awarded Deutsche Bank National Trust Company, the defendant in Action No. 2, summary judgment dismissing the complaint in that action.
ORDERED that the order dated March 8, 2018, is reversed insofar as appealed from, on the law, and that branch of the motion of Deutsche Bank National Trust Company which was to vacate the stipulations is denied; and it is further,
ORDERED that the order dated June 25, 2018, is reversed insofar as appealed from, on the law; and it is further,
ORDERED that one bill of costs is awarded to Robert G. Goltz, Jr., and Sigrid Goltz.
On September 2, 2010, a judgment of foreclosure and sale was entered against Robert [*2]G. Goltz, Jr., and Sigrid Goltz (hereinafter together the Goltzes) in a mortgage foreclosure action in which Deutsche Bank National Trust Company (hereinafter Deutsche Bank) is the plaintiff (hereinafter Action No. 1). In July 2016, the Goltzes and the attorneys of record for Deutsche Bank entered into stipulations discontinuing the foreclosure action with prejudice, vacating the judgment of foreclosure and sale insofar as entered against the Goltzes, and cancelling the notice of pendency. However, in an order dated March 8, 2018, the Supreme Court granted that branch of Deutsche Bank's motion which was to vacate the stipulations. In addition, in an order dated June 25, 2018, the court, in an action the Goltzes commenced against Deutsche Bank pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage (hereinafter Action No. 2), inter alia, denied the Goltzes' motion for summary judgment on the complaint in that action, and, upon searching the record, awarded Deutsche Bank summary judgment dismissing the complaint in that action. The Goltzes appeal from the order dated March 8, 2018, entered in Action No. 1, and Sigrid Goltz appeals from the order dated June 25, 2018, entered in Action No. 2.
The Supreme Court improperly granted Deutsche Bank's motion to vacate the stipulations. The mortgage foreclosure action was terminated by the stipulation of discontinuance with prejudice and Deutsche Bank could only vacate that stipulation by commencing a plenary action (see Estate of Abrams v Seaview Assn. of Fire Is., N.Y., Inc., 151 AD3d 809; Galasso, Langione & Botter, LLP v Liotti, 127 AD3d 688). Additionally, since the action was terminated by the stipulation of discontinuance, the court should have denied that branch of Deutsche Bank's motion which was to vacate the other stipulations (see Estate of Abrams v Seaview Assn. of Fire Is., N.Y., Inc., 151 AD3d 809). Accordingly, the court improperly awarded Deutsche Bank summary judgment dismissing the complaint in the action to discharge the mortgage.
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court