DeGiovine v Kaufmann (2022 NY Slip Op 02250)

DeGiovine v Kaufmann

2022 NY Slip Op 02250

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2021-02618
 (Index No. 1123/20)

[*1]Brian DeGiovine, respondent, 
v
Kimberly Ann Kaufmann, appellant.

The Sallah Law Firm, P.C., Holtsville, NY (Dean J. Sallah of counsel), for appellant.
Leo P. Davis, P.C., East Moriches, NY, for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated March 24, 2021. The order denied the defendant's motion to enforce the provisions of a so-ordered stipulation dated January 5, 2021, entered in the Supreme Court, Bronx County, and to modify a judgment of divorce entered January 21, 2020, in the Supreme Court, Bronx County, so as to award her maintenance, among other things, and directed that the defendant "may attempt to address the issue" of equitable distribution "via a plenary action in the appropriate jurisdiction, i.e., Bronx County."
ORDERED that the order is modified, on the law, by deleting the provision thereof directing that the defendant "may attempt to address the issue" of equitable distribution "via a plenary action in the appropriate jurisdiction, i.e., Bronx County"; as so modified, the order is affirmed, without costs or disbursements.
On March 2, 2018, the plaintiff commenced an action for a divorce and ancillary relief in the Supreme Court, Bronx County. The defendant defaulted in appearing in that action, and a default judgment of divorce was entered on January 21, 2020. The judgment granted a divorce, stated that no maintenance or equitable distribution was awarded, and that any application to enforce or modify the provisions of the judgment of divorce "shall be brought in a county wherein one of the parties resides." The defendant alleges that both parties have resided in Suffolk County since they were married.
The defendant moved in the Supreme Court, Bronx County, to vacate the judgment of divorce. The parties settled that dispute by entering into a so-ordered stipulation dated January 5, 2021, which withdrew the motion to vacate. The parties agreed that "as of this date no ancillary relief claims have been litigated in this matter on their merits and same may proceed in Suffolk County as a motion to modify the decree."
Thereafter, in February 2021, the defendant moved in the Supreme Court, Suffolk County, to modify the judgment of divorce to provide her with ancillary relief, to wit, maintenance, equitable distribution of property, and counsel fees. In the order appealed from, dated March 24, 2021, the Supreme Court denied the motion, ruling that the defendant's demand for equitable distribution of property should have been brought as a plenary action in Bronx County and the [*2]defendant failed to demonstrate that she was entitled to maintenance.
The judgment of divorce which ended the matrimonial action in the Supreme Court, Bronx County, was entered on January 21, 2020. The stipulation of settlement of a post-judgment motion was so-ordered nearly one year later, on January 5, 2021. That stipulation was not part of the judgment, but was an independent contract, entered into after the divorce action was terminated, which could not be incorporated into the judgment (see Luisi v Luisi, 6 AD3d 398). A plenary action was necessary to enforce the stipulation since the court did not retain the power to exercise supervisory control over the action (see Teitelbaum Holdings v Gold, 48 NY2d 51; Estate of Abrams v Seaview Assn. of Fire Is. N.Y., Inc., 151 AD3d 809, 810).
Under the circumstances of this case, the question of maintenance should be deferred with other ancillary relief to a plenary action. However, the provision of the order appealed from which directed that Bronx County was the appropriate jurisdiction for a plenary action is not supported by the terms of the stipulation. We therefore modify the order appealed from so as to delete that provision.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court