Riccio v Kukaj (2023 NY Slip Op 04785)

Riccio v Kukaj

2023 NY Slip Op 04785

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-01577
2021-01578
 (Index No. 59796/14)

[*1]John Riccio, et al., respondents, 
v
Ismet Kukaj, et al., appellants, et al., defendants.

Novick Edelstein Pomerantz P.C., Yonkers, NY (Lawrence Schiro of counsel), for appellants.
Calano & Culhane, LLP, White Plains, NY (Michael A. Calano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the defendants Ismet Kukaj and 4 Vllazen, LLC, appeal from (1) an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated February 1, 2021, and (2) an order of the same court dated February 16, 2021. The order dated February 1, 2021, granted that branch of the plaintiffs' motion which was to hold the defendants Ismet Kukaj and 4 Vllazen, LLC, in civil contempt for violating certain provisions of an order of the same court (William J. Giacomo, J.) dated January 2, 2018, and thereupon awarded the plaintiff attorneys' fees and costs in an amount to be determined and imposed a fine in the sum of $250 against the defendants Ismet Kukaj and 4 Vllazen, LLC. The order dated February 16, 2021, upon the order dated February 1, 2021, awarded the plaintiffs attorneys' fees and costs in the sum of $2,162, payable by the defendants Ismet Kukaj and 4 Vllazen, LLC.
ORDERED that the orders dated February 1, 2021, and February 16, 2021, are reversed, on the law, with one bill of costs, and that branch of the plaintiffs' motion which was to hold the defendants Ismet Kukaj and 4 Vllazen, LLC, in civil contempt for violating certain provisions of the order dated January 2, 2018, is denied.
In June 2014, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 against, among others, Ismet Kukaj and 4 Vllazen, LLC (hereinafter together the defendants), to resolve a dispute over the ownership of certain property on which the plaintiffs had erected a fence. The plaintiffs and the defendants ultimately stipulated to settle and discontinue the [*2]action, which was memorialized in an order dated January 2, 2018 (hereinafter the settlement order), providing, among other things, that the action "is hereby dismissed with prejudice." Pursuant to the settlement order, the plaintiffs and the defendants agreed to use a title insurance company to clear title to their respective properties. One of the steps the title insurance company identified as necessary to clear title was the execution of a fence location agreement by the plaintiffs and the defendants. However, the defendants refused to sign the fence location agreement.
In or about December 2020, the plaintiffs moved, inter alia, to hold the defendants in civil contempt for violating the provisions of the settlement order by refusing to sign the fence location agreement. In an order dated February 1, 2021, the Supreme Court granted that branch of the plaintiffs' motion, and thereupon awarded the plaintiffs attorneys' fees and costs for bringing the motion in an amount to be determined, and imposed a statutory civil contempt fine in the sum of $250 against the defendants. In an order dated February 16, 2021, the court awarded the plaintiffs attorneys' fees and costs in the sum of $2,162, payable by the defendants. The defendants appeal from both orders.
Contrary to the plaintiffs' contention, the defendants' assertion, raised for the first time on appeal, that the Supreme Court lacked jurisdiction to entertain the plaintiffs' motion, is properly before this Court, as a defect in subject matter jurisdiction may be raised at any time (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121).
"A motion must be addressed to a pending action" (Urso v Panish, 94 AD2d 701, 701-702), and a court lacks jurisdiction to entertain a motion after the action has been "'unequivocally terminated . . . [by the execution of] an express, unconditional stipulation of discontinuance'" (Beneficial Homeowner Serv. Corp. v Francis, 209 AD3d 957, 959, quoting Cambridge Integrated Servs. Group, Inc. v Johnson, 107 AD3d 1588, 1589 [internal quotation marks omitted]), "or actual entry of judgment in accordance with the terms of the settlement" (Teitelbaum Holdings v Gold, 48 NY2d 51, 53).
Here, the Supreme Court lacked jurisdiction to entertain that branch of the plaintiffs' motion which was to hold the defendants in civil contempt, since the action was unconditionally discontinued with prejudice by the parties' stipulation, as memorialized in the settlement order (see Deutsche Bank Natl. Trust Co. v Goltz, 200 AD3d 646, 647; Estate of Abrams v Seaview Assn. of Fire Is. N.Y., Inc., 151 AD3d 809, 810; Galasso, Langione & Botter, LLP v Liotti, 127 AD3d 688). Thus, the relief requested by the plaintiffs was not available by way of a motion, and could only be obtained by commencing a plenary action (see Teitelbaum Holdings v Gold, 48 NY2d at 55-56; Estate of Abrams v Seaview Assn. of Fire Is. N.Y., Inc., 151 AD3d at 810).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was to hold the defendants in civil contempt.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court