Kensington Imperial, LLC v Kneitel (2024 NY Slip Op 50404(U))

[*1]

Kensington Imperial, LLC v Kneitel

2024 NY Slip Op 50404(U)

Decided on March 15, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-955 K C

Kensington Imperial, LLC, Respondent,
against
Michael Kneitel, Appellant, Julia Kneitel, Tenant. 

Michael Kneitel, appellant pro se.
Kensington Imperial, LLC, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Kenneth T. Barany, J.), dated August 8, 2022. The order denied a motion by tenant Michael Kneitel seeking to (1) hold landlord's managing agent in contempt, (2) dismiss the action with prejudice, and (3) refer the matter to the Kings County District Attorney's office.

ORDERED that the order is affirmed, without costs.
In August 2019, landlord commenced this nonpayment proceeding to recover possession of the subject premises, as well as unpaid rent in the amount of $14,253.52. Michael Kneitel (tenant) answered, denying that he had received either a 14-day rent demand or a notice of petition and petition. The Civil Court issued a subpoena duces tecum directing landlord's managing agent to provide surveillance footage of the building in which the subject premises is located for the weeks in which personal service of those documents was attempted. Landlord's managing agent failed to comply with the subpoena duces tecum. At a traverse hearing, landlord's managing agent testified that he could not comply with the subpoena duces tecum, as the video footage taken by the surveillance camera was recorded over every two weeks. Subsequently, at a conference, landlord's counsel represented that the building where tenant leased the subject premises from landlord had been sold, and he moved to discontinue the action. Following the conference, the Civil Court granted landlord's motion to discontinue the action without prejudice. After the action was discontinued, tenant moved to (1) hold landlord's [*2]managing agent in contempt on the ground that he perjured himself at the traverse hearing, (2) dismiss the action with prejudice, and (3) refer the matter to the Kings County District Attorney's office. The Civil Court denied tenant's motion in its entirety.
The Civil Court properly denied the branch of the motion seeking to hold landlord's managing agent in contempt, as there must be a pending action in order to punish an individual for civil contempt (see Judiciary Law § 753 [A]; Matter of Department of Envtl. Protection of City of NY v Department of Envtl. Conservation of State of NY, 70 NY2d 233, 240 [1987]; Riccio v Kukaj, 219 AD3d 1540, 1541-1542 [2023]; U.S. Bank N.A. v McCaffery, 186 AD3d 897, 898-899 [2020]), and the motion papers did not specifically state that tenant was seeking to hold landlord's managing agent in criminal contempt (see Page v Cheung On Mansion, 138 AD2d 324, 325 [1988]) as is required by statute (see CPLR 2214 [a]; Judiciary Law § 751 [1]). In any event, the fact that landlord's managing agent was not personally served with the contempt motion "preclude[s] the finding of criminal contempt" as against him (Page v Cheung On Mansion, 138 AD2d at 325; see Lu v Betancourt, 116 AD2d 492, 494 [1986]).
The branches of the motion seeking to refer this matter to the Kings County District Attorney's office and to dismiss this action with prejudice were also properly denied, as tenant failed to establish that landlord's managing agent perjured himself at the traverse hearing, and there was no adjudication on the merits of the underlying dispute.
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 15, 2024