## Federal Natl. Mtge. Assn. ("FANNIE MAE") v Walter

2024 NY Slip Op 33098(U)

September 4, 2024

Supreme Court, Kings County

Docket Number: Index No. 511185/2018

Judge: Carolyn Mazzu Genovesi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part FRP-5 of the Supreme Court of
the State of New York, held in and for the County
of Kings, at the Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 4 day of September 2024

Present: Hon. Carolyn Mazzu Genovesi

-------------------------------------------------------------------X

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"), A
CORPORATION ORGANIZED AND
EXISTING UNDER THE LAWS OF THE
UNITED STATES OF AMERICA,

                             Plaintiff,

        -against-

CHAIM WALTER AS HEIR TO THE ESTATE
OF FERENCE WALTER, GITTY ORIGINAL FILED
WITH THE NIEDERMAN AS HEIR TO THE
ESTATE OF FERENCE WALTER, ESTHER
SCHWARTZ AS HEIR TO THE ESTATE OF
FERENCE WALTER, CHANA WOSNER AS HEIR
TO THE ESTATE OF FERENCE WALTER
MARTIN WALTER AS HEIR TO THE
ESTATE OF FERENCE WALTER, ANSHEL
WALTER AS HEIR TO THE ESTATE OF
FERENCE WALTER, SHULEM WALTER AS
HEIR TO THE ESTATE OF FERENCE
WALTER, DAVID WALTER AS HEIR TO
THE ESTATE OF FERENCE WALTER,
SIMON WALTER AS HEIR TO THE ESTATE
OF FERENCE WALTER, UNKNOWN HEIRS
TO THE ESTATE OF FERENCE WALTER IF
LIVING, AND IF HE/SHE BE DEAD, ANY
AND ALL PERSONS UNKNOWN TO
PLAINTIFF, CLAIMING, OR WHO MAY
CLAIM TO HAVE AN INTEREST IN, OR
GENERAL OR SPECIFIC LIEN UPON THE
REAL PROPERTY DESCRIBED IN THIS
ACTION; SUCH UNKNOWN PERSONS
BEING HEREIN GENERALLY DESCRIBED
AND INTENDED TO BE INCLUDED IN
WIFE, WIDOW, HUSBAND, WIDOWER,
HEIRS AT LAW, NEXT OF KIN,

DECISION AND ORDER

Index No.: 511185/2018
Motion Cal. No.: 9
Mot. Seq. 2

[* 1]

DESCENDANTS, EXECUTORS, ADMINISTRATORS, DEVISEES, LEGATEES, CREDITORS, TRUSTEES, COMMITTEES, LIENORS, AND ASSIGNEES OF SUCH DECEASED, ANY AND ALL PERSONS DERIVING INTEREST IN OR LIEN UPON, OR TITLE TO SAID REAL PROPERTY BY, THROUGH OR UNDER THEM, OR EITHER OF THEM, AND THEIR RESPECTIVE WIVES, WIDOWS, HUSBANDS, WIDOWERS, HEIRS AT LAW, NEXT OF KIN, DESCENDANTS, EXECUTORS, ADMINISTRATORS, DEVISEES, LEGATEES, CREDITORS, TRUSTEES, COMMITTEES, LIENORS, AND ASSIGNS, ALL OF WHOM AND WHOSE NAMES, EXCEPT AS STATED, ARE UNKNOWN TO PLAINTIFF, PEOPLE OF THE STATE OF NEW YORK, UNITED STATES OF AMERICA ACTING THROUGH THE IRS, BOARD OF MANAGERS OF THE 89 HARRISON AVENUE CONDOMINIUM, NEW JERSEY ECONOMIC DEVELOPMENT AUTHORITY, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, COMMISSIONER OF JURORS KINGS COUNTY, SELDA TURAN, MUSTAFA TURAN

JOHN DOE (Those unknown tenants, occupants, persons or corporations or their heirs, distributees, executors, administrators, trustees, guardians, assignees, creditors, or successors claiming an interest in the mortgaged premises)

                                        Defendants,
-------------------------------------------------------------X

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
| Order to Show Cause (MS # 2), Affirmation in Support, Exhibits, Affirmation in Support of Proposed OSC | 77, 69- 76 |
| Affirmation in Opposition to OSC | 79 |

[* 2]

Upon the foregoing papers, Federal National Mortgage Association ("plaintiff") moves, by order to show cause, to enforce a settlement agreement dated November 29, 2023, pursuant to CPLR 2104 (MS # 2).

Plaintiff commenced a Foreclosure Action with the filing of a Summons and Complaint on May 31, 2018. The defendants joined issue with the filing of an Answer on July 25, 2018. On November 29, 2023, the parties entered into a Stipulation of Agreement which provided that defendant had agreed to pay $200,000 in a settlement of the outstanding amount of money due. On February 9, 2024, the parties filed a Stipulation of Withdrawal of the Answer with Counterclaims and a Voluntary Discontinuance of the action executed by both parties.

The stipulation of withdrawal in relevant part provided the following:

1. The Foreclosure Complaint filed by Plaintiff on May 31, 2018 and under index number 511185/2018 in the Supreme Court of New York, County of Kings is hereby voluntarily discontinued.
2. The Answer with Counterclaims filed by Defendants on July 25, 2018 is hereby withdrawn with prejudice.
3. The foreclosure action has been settled as a result of a short payoff.

Further, the parties executed and filed a stipulation of the cancellation of the Lis Pendens on February 9, 2024.

Plaintiff seeks by Order to Show Cause to enforce the terms of the Settlement Agreement by securing the payment of the note and mortgage that defendants had executed on March 20, 2003. Plaintiff asserts that after the parties entered the Stipulation of Agreement on November 29, 2023, the defendants were to pay $200,000 pursuant to the settlement. Defendants did not provide the amount due at the deadline for the payment under the terms of the agreement. That date in the settlement agreement was December 29, 2023. Pursuant to an addendum to agreement the plaintiff extended the defendants' deadline to pay to January 9, 2024. Defendants then wired

[* 3]

the payments to plaintiff on January 9, 2024. Plaintiff then explains that on February 26, 2024, they notified the defendants that the payment was being returned to their issuing bank and requested that the defendants resubmit the payment. The reason for this remittance and request for defendants to resubmit the settlement amount was not provided to the court. Thereafter, plaintiff asserts that defendants never provided the payments pursuant to the Settlement Agreement. On March 28, 2024, the bank provided defendants with notice of the breach of the settlement agreement as outlined in the agreement.

Plaintiff argues that pursuant to CPLR 2104 and the Court of Appeals case of *Bonnette v Long Is. Coll. Hosp.*, 3 N.Y.3d 281 (2004), they are entitled to set aside the Settlement Agreement because defendants have breached that agreement. Further, they seek to enforce the terms of the agreement, which include the ability to continue the Foreclosure Action commenced on May 31, 2018, under the index number in this matter (511185/2018). Additionally, they request an order from the court directing the defendants cure their breach of failure to pay pursuant to the agreement.

Defendants filed an Affirmation in Opposition to plaintiff's Order to Show Cause arguing that the court lacks subject matter jurisdiction in order to grant the relief sought by plaintiff. Defendant argues that the court lacks subject matter jurisdiction because the action had been discontinued and is therefore no longer pending. Defendant provides an Appellate Division, Second Department case of *Estate of Abrams v Seaview Assn of Fire Is. New York, Inc.*, 151 AD3d 809 (2d Dept 2017). In that matter there was a motion to enforce a stipulation of settlement which was denied after the action was terminated by a stipulation of discontinuance and the Appellate Court determined that the denial was proper because the relief requested was

[* 4]

not available by way of motion since the action was terminated by the stipulation of discontinuance.

The court finds that it lacks subject matter jurisdiction to decide plaintiff's order to show cause to enforce the agreement because there was a stipulation of discontinuance of this action on February 9, 2024 and that the foreclosure case index number 51185/2018 is no longer pending. *Estate of Abrams v Seaview Assn of Fire Is. New York, Inc.,* 151 AD3d 809 (2d Dept 2017), *Teitelbaum Holdings v Gold,* 48 NY2d 51 (1979), *Matter of Serpico,* 62 AD3d 887, 887-888 (2009).

Accordingly, plaintiff's order to show cause is denied.

ENTER

_____
Hon. Carolyn Mazzu Genovesi